UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

BURNS, et al.,

        Plaintiffs,

   v.

CITY OF HOBOKEN, et al.,

        Defendants.

Civil Action No. 10-5754 (ES)

**OPINION**

**SALAS, United States District Judge**

    Before this Court is Plaintiffs Megan Burns, Joseph Nieves, Bruce Walsh, and Citizens for the Retention of Affordable Housing's (the "Plaintiffs") motion for remand. (Docket Entry No. 4, the "Motion" dated November 23, 2010). The Court has reviewed the submissions in support of and in opposition to the Motion, and for the reasons set forth below, the Motion is hereby GRANTED.

**I. BACKGROUND**

    On August 23, 2010, Plaintiffs initiated this action in the Superior Court of New Jersey (the "State Action"), and on October 21, 2010, Plaintiffs filed and served a second amended complaint (the "Second Amended Complaint"). (Docket Entry No. 4-2, Exh. B). The Second Amended Complaint names the following Defendants: (1) City of Hoboken, Hoboken Rent Leveling & Stabilization Board, Suzanne Hetman (the "City Defendants"); (2) Bloomfield 206 Corporation, Steven Silverman, Maryann Bagan (the "206 Defendants"); and (3) 1405 Clinton Street Corporation, and 824 Washington Street, L.L.C. (the "1405/824 Defendants") (collectively the "Defendants").

(Docket Entry No. 4-2, Cathy Cardillo's Affidavit to Support Motion for Remand dated November 23, 2010 (the "Cardillo Aff.") at ¶ 1; Docket Entry No. 9, Memorandum of Law in Opposition to Plaintiffs' Motion for Remand on Behalf of the City Defendants (the "City Defs.' Opp. Br.") at 1). On November 4, 2010, the City Defendants removed the State Action to this Court on the basis of federal question jurisdiction. (Docket Entry No. 1, the "Notice of Removal"). The Notice of Removal provides that "all defendants named within the complaint have consented to removal." (*Id.*). On November 23, 2010, Plaintiffs moved to remand this action. (Motion).

## II. RELEVANT LAW

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a); *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). On a motion to remand, the party asserting jurisdiction (the removing party) bears the burden of establishing that the action is properly before the court. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Moreover, as federal courts are of limited jurisdiction, removal statutes should be construed strictly against removal, with all doubts resolved in favor of remand. *Id.*; *see also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

To properly remove a case from state court to federal court, a party must file a notice of removal in the federal court within thirty days after receipt "through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The thirty day period for removal is mandatory. *See*

*Galvanek v. AT&T, Inc.*, No. 07-2759, 2007 WL 3256701, at *2 (D.N.J. Nov. 5, 2007) (citing *Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F. Supp. 528, 529 (E.D. Pa. 1982)).

The "Rule of Unanimity" requires that "when there is more than one defendant, all must join in the removal petition." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985); *see also Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). "[T]he failure of all defendants to remove creates a defect in removal procedure within the meaning of § 1447(c)." *Balazik*, 44 F.3d at 213.

### III. DISCUSSION

Plaintiffs argue that the Court should grant the Motion for Remand because the City Defendants failed to obtain the consent of all other defendants prior to removal, constituting a procedural defect in the removal process. (Docket Entry No. 4-1, Memorandum of Law to Support Motion for Remand ("Pls.' Br.") dated November 23, 2010 at 1-3). Defendants argue that the Court should deny the Motion for Remand because all Defendants consented to removal or, in the alternative, the Court should permit Defendants to amend the Notice of Removal to cure the alleged defect. (City Defs.' Opp. Br. at 3-5; *see* Docket Entry No. 10, 206 Defendants' Letter Brief in Opposition to the Motion dated December 21, 2010 ("206 Defs.' Opp. Br.") at 1; *see* Docket Entry No. 12, 1405/824 Defendants' Letter Brief in Opposition to the Motion dated January 3, 2011 (the "1405/824 Defs.' Opp. Br.") at 1-2).

    **A.**    **A Defect in the Removal Process**

To begin, the Court finds a defect in the removal process because of the City Defendants' failure to timely obtain the 206 Defendants and the 1405/824 Defendants' consent to removal. Although The Rule of Unanimity does not require each defendant to sign the actual notice of

removal, courts generally require each defendant served in the action to provide "some form of unambiguous *written* evidence of consent to the court in a timely fashion." *Michaels v. New Jersey*, 955 F. Supp. 315, 321 (D.N.J. 1996) (emphasis in original). Moreover, a removing defendant may not submit consent to the court on behalf of non-removing defendants. *Id.*; *see also Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995) ("[O]ne defendant's attempt to speak on behalf of another defendant will not suffice.").

Here, aside from the City Defendants' blanket statement that all Defendants consent, the Notice of Removal is devoid of counsel for the 206 Defendants and the 1405/824 Defendants' signatures indicating consent to the removal.[1] (*See* Notice of Removal at ¶ 8). Accordingly, the 206 Defendants and the 1405/824 Defendants had to either file their own notice of removal or consent to removal within thirty days of October 21, 2010, *i.e.*, by November 20, 2010. *See, e.g., Collins v. Baxter Healthcare Corp.*, 949 F. Supp. 1143, 1146 (D.N.J. 1996) ("[T]he court cautions that formal expressions of consent, in the form of certifications or joining in the notice of removal by signing the notice, will be required within the time provided for under 28 U.S.C. § 1446."). Defendants failed to meet this requirement because the first time that the Court received a writing indicating that the 206 Defendants and the 1405/824 Defendants consented to removal was in their letter briefs in opposition to the Motion, respectively dated December 21, 2010 and January 3, 2011. (*See* 206 Defs.' Opp. Br. at 1; 1405/824 Defs.' Opp. Br. at 1). Accordingly, both the 206 Defendants and the 1405/824 Defendants' written consent to removal were well past the thirty day period required by

---

[1] The Court notes that the 206 Defendants, but not the 1405/824 Defendants, were put on notice of the Notice of Removal by the Municipal Defendants. (*See* Notice of Removal).

28 U.S.C. § 1446(b). *See Michaels*, 955 F. Supp. at 321.² In light of the Court's finding that Defendants violated the Rule of Unanimity, the Court will now address whether Defendants should be permitted to amend the Notice of Removal.

### B. Amendment to the Notice of Removal

Defendants argue that the Court should to grant them permission to amend the Notice of Removal to cure the procedural defect in the interest of justice. (*See* City Defs.' Opp. Br. at 3 ("In the event the Court finds that . . . [the] Notice of Removal violates the rule of unanimity, the City [Defendants] respectfully request that Defendants be permitted to amend their removal petition . . . ."); 206 Defs.' Opp. Br. at 2; 1405/824 Defs.' Opp. Br. at 1 (relying on the City Defendants' arguments)).

In this district, courts have discretion to permit the amendment of a notice of removal after the thirty day period when such an amendment serves the interests of justice or judicial economy. *See Michaels*, 955 F. Supp. at 322; *Wal-Mart Stores, Inc. v. Elec. Ins. Co.*, No. 06-3132, 2007 WL 137238, at *3 (D.N.J. Jan. 18, 2007); *Brown v. Sarubbi*, No. 06-1634, 2006 WL 2014227 at *3 (D.N.J. July 18, 2006). Despite this discretion, permission to amend is unlikely, absent "extraordinary circumstances." *Michaels*, 955 F. Supp. at 322.

Here, Defendants have failed to persuade the Court that exceptional circumstances exist and

---

² The Court is also not persuaded by the 1405/824 Defendants' argument that they provided the City Defendants with oral consent. Consent to removal must be directed to the Court in writing, not orally to a co-defendant. *See Michaels*, 955 F. Supp. at 321; *see also Carter v. Ingersoll-Rand Co., Inc.*, No. 00-6438, 2001 WL 238540, at *8 (E.D. Pa. March 12, 2001) ("The letter and voice mail [expressing consent] were communications between defendants, not to the Court; therefore they cannot establish [defendant's] joinder in or consent to removal.").

5

that the Court should permit an amendment to the Notice of Removal. This case is in its infancy, and the Court has invested little time into scheduling and managing the litigation. *See Brown*, 2006 WL 2014227, at *3. Moreover, the Court finds that the City Defendants' November 4, 2011 Notice of Removal was filed approximately two weeks prior to the deadline for removal. (*See* Notice of Removal). As such, the 206 Defendants and the 1405/824 Defendants had approximately two weeks to cure the defect, but failed to do so. *(Id.)*. Under such facts, the Court finds that there is no compelling reason that warrants an amendment to the Notice of Removal.

### IV. CONCLUSION

For the reasons set forth above, the Undersigned hereby **GRANTS** Plaintiffs' Motion for Remand. An appropriate order will follow.

s/Esther Salas<br>
ESTHER SALAS, U.S.D.J.

6